**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
RENEE RODRIGUEZ, et al.            :
                                   :
            Plaintiffs,            :
                                   :
       v.                          :    Civil No. 06-0129 (RBK)
                                   :
                                   :
OUR LADY OF LOURDES MEDICAL        :
CENTER                             :
                                   :
            Defendant.             :
_____:

**O P I N I O N**

**Kugler**, United States District Judge:

Plaintiffs Renee Rodriguez and Barbara King, licensed practical nurses formerly employed by Defendant Our Lady of Lourdes Medical Center, filed this Qui Tam Complaint pursuant to the False Claims Act against Defendant Our Lady of Lourdes Medical Center, alleging that Defendant allows non-licensed individuals to dispense drugs in violation of the New Jersey Pharmacy Act and the False Claims Act.  Plaintiffs further allege that Plaintiffs objected to the alleged practice of permitting non-licensed individuals to dispense drugs, and that as a result of their objections, Plaintiffs suffered a hostile work environment.  Plaintiffs also claim that in retaliation for their objections, Defendant terminated Plaintiffs' employment.

Plaintiffs allege that this retaliatory action violated the New Jersey Conscientious Employee Protection Act.

Defendant moves to dismiss Plaintiffs' Complaint for failure to state a claim.  For the reasons described below, the Court grants Defendant's motion.

I.   **BACKGROUND**

Plaintiffs Renee Rodriguez and Barbara King ("Plaintiffs") are licensed practical nurses who were employed by Our Lady of Lourdes Medical Center ("Defendant").  Defendant houses an outreach program for the homeless, a clinic that provides primary care for persons without health insurance, and a program that provides specialized care for women and children.  Plaintiffs worked with some of these specialized programs during their employment with Defendant.

These programs address needs in specialized populations.  The beneficiaries of these programs have an opportunity to see a physician who may prescribe medications as needed.  Plaintiffs allege that beginning in June 2004, the beneficiaries could receive the prescribed medications from individuals who were not licensed pharmacists under the New Jersey Pharmacy Act ("NJPA").  Specifically, Plaintiffs allege that social workers in these specialized programs dispensed the prescribed medication to the beneficiaries.

Plaintiffs further allege that Defendant "receives funding from the federal government" through a variety of federal

programs. However, plaintiffs fail to allege in their pleading the nexus between the receipt of federal funding and violation of the False Claims Act.

Finally, Plaintiffs allege that they objected to the practice of permitting individuals who were not licensed under the NJPA to dispense medication, and that Plaintiffs refused to participate. As a result, Plaintiffs claim they suffered a hostile work environment, and that Defendant terminated their employment, in violation of New Jersey's Conscientious Employee Protection Act ("CEPA").

Plaintiffs filed this Qui Tam action on January 19, 2006, under seal. On February 27, 2006, this Court ordered the Complaint unsealed, when the United States Government informed this Court of its decision not to intervene. On May 11, 2006, Defendant moved to dismiss Plaintiffs' Complaint, arguing that 1) Plaintiffs failed to state a prima facie case under 31 U.S.C. § 3729(a), the False Claims Act and 2) Plaintiffs failed to comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Moreover, Defendant argues that Plaintiffs' failure to establish a prima facie case under the False Claims Act translates into the automatic failure of Plaintiffs' state law claim. In the alternative, Defendant argues that if Plaintiffs' state law claim under the New Jersey Conscientious Employee Protection Act is not dismissed, this Court should order Plaintiffs to amend their complaint to provide

a more definite statement.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiff's allegations along with all reasonable inferences that may be drawn from them as true. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)). The Court may dismiss the Complaint only if Plaintiffs can prove no set of facts that would entitle them to relief. Burstein v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d Cir. 2003) (citation omitted).

## III. DISCUSSION

To establish a prima facie case under the False Claims Act, a plaintiff must first allege that "(1) the defendant presented or caused to be presented to an agent of the United States a claim for payment; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent." U.S. ex rel. Schmidt v. Zimmer, Inc., 386 F.3d 235, 242 (3d 2004); see also 31 U.S.C. § 3729(a)(1).

In this case, Plaintiffs failed to allege that Defendant violated 31 U.S.C. § 3729(a)(1) on the face of the Complaint. Although Plaintiffs discuss their theory of "implied certification" in their Reply to the Motion to Dismiss, information provided outside the pleadings may not be considered

in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Moreover, 28 U.S.C. § 1367(c)(3) states that the "district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because this Court grants Defendant's motion to dismiss the Plaintiffs' federal claim, this Court exercises its discretion not to exercise supplemental jurisdiction over Plaintiffs' CEPA claims under New Jersey law.

**IV. CONCLUSION**

For the foregoing reasons, the Court grants Defendant's motion to dismiss Plaintiffs' claims against Defendant.


DATE: 11/1/2006                           s/Robert B. Kugler
                                          ROBERT B. KUGLER
                                          U.S. DISTRICT JUDGE